IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00037-KLM

RYAN MILLER,

      Plaintiff,

v.

SECURA SUPREME INSURANCE COMPANY, and
SECURA INSURANCE COMPANY,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants' **[Motion] Regarding Exclusion of Evidence as to the Length of Time Plaintiff Has Been a Policyholder with Secura or Amount of Premiums Plaintiff Has Paid** [#43] (the "Motion").  Plaintiff filed a Response [#53] in opposition to the Motion [#43], and Defendants filed a Reply [#62].  The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#43] is **GRANTED**.[1]

      This case relates to Plaintiff's claim for uninsured and underinsured motorist ("UIM") benefits under his automobile insurance policy issued by Defendants.  *See Compl.* [#5] ¶¶ 6, 8.  Plaintiff was injured in a car accident on October 18, 2018, and Defendants opened a claim on behalf of Plaintiff on October 19, 2018.  *Id.* ¶¶ 12, 20.  On

---

[1]   This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties.  *See* [#12, #13].

December 16, 2021, Plaintiff brought this action against Defendants, asserting claims for unlawful delay and denial of UIM benefits under Colo. Rev. Stat. §§ 10-3-1115 and 1116, breach of insurance contract, and bad faith breach of insurance contract.  *See Compl.* [#5] ¶¶ 64-89.

In the present Motion [#44], Defendants ask the Court to exclude all evidence as to the length of time Plaintiff has been a policyholder with Defendants and the amount of premiums Plaintiff has paid.  *Motion* [#43] at 1.  In support, Defendants cite Fed. R. Evid. 401, 402, and 403.  Rule 401 provides: "Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Rule 402 provides: "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court."  Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In short, Plaintiff argues that, to succeed on his breach of contract claim, he must establish that an insurance contract existed.  *Response* [#53] at 2.  Defendants argue that evidence regarding the length of time Plaintiff has been a policyholder and the amount of premiums he paid is not relevant because Defendants do "not dispute that Plaintiff's insurance policy was in effect on the date of the October 18, 2019 accident." *Motion* [#43] at 7.

The Court finds Defendants' statement to be a judicial admission, as described by the Tenth Circuit Court of Appeals in *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1313 (10th Cir. 2022):

> The Supreme Court has adopted Wigmore's definition of "a judicial admission or stipulation" as an "express waiver made by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (quoting 9 John Henry Wigmore, Evidence in Trials at Common Law § 2588, at 821 (Chadbourn rev. 1981)). Judicial admissions include "formal concessions in the pleadings" and "are 'not evidence at all but rather have the effect of withdrawing a fact from contention.'" *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (quoting Michael H. Graham, Federal Practice and Procedure § 6726 (interim ed.)); *see Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264-65 (4th Cir. 2004) ("Judicial admissions are not . . . limited to affirmative statements that a fact exists. They also include intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law."); 2 Robert P. Mosteller et al., McCormick on Evidence § 254 (8th ed. 2020) (Judicial admissions are "formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.").

Plaintiff must establish that a binding insurance contract exists regarding his claims, but Defendants have unequivocally indicted that they do not contest that Plaintiff had a binding policy at the time of the incident. Thus, the Court takes Defendants' statement that "Plaintiff's insurance policy was in effect on the date of the October 18, 2019 accident" as a judicial admission, thereby establishing that a binding insurance contract existed. This makes irrelevant the amount of premiums paid by Plaintiff and the length of time Plaintiff has been a policyholder.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#43] is **GRANTED**. Plaintiff may not present evidence at trial regarding the amount of premiums he has paid or the length of time he has been a policyholder with Defendants.

DATED: July 14, 2023

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge